1   Jennifer D. Loynd
    Assistant Attorney General
2   PO Box 40126
    Olympia, WA  98504-40126
3   (360) 586-6300

4

5

6                                                    The Honorable

7              UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF WASHINGTON
                        AT SPOKANE
9

10   PERRY FAILING, an individual,          NO. 2:20-cv-26

11                        Plaintiff,        DECLARATION OF JENNIFER D.
                                            LOYND REGARDING
12   vs.                                    VERIFICATION OF STATE COURT
                                            DOCUMENTS
13   WASHINGTON STATE LIQUOR
     AND CANNABIS BOARD, an
14   administrative agency of the State
     of Washington, and PATRICK
15   MATTHEWS, individually and as
     employee and agent of
16   WASHINGTON STATE LIQUOR
     AND CANNABIS BOARD
17

18                        Defendants.

19   State of Washington      )
20                            ) ss.
21   County of Thurston       )

22

23        I, Jennifer D. Loynd, certify and declare as follows:

24

25

26

---

DECLARATION OF JENNIFER D.                    1        ATTORNEY GENERAL OF WASHINGTON
LOYND REGARDING VERIFICATION                                      Torts Division
OF STATE COURT DOCUMENTS                                   7141 Cleanwater Drive SW
                                                                 PO Box 40126
                                                           Olympia, WA  98504-0126
                                                               (360) 586-6300

1    I am the assistant attorney general assigned to represent Defendants Washington State Liquor and Cannibas Board and Patrick Matthews.

2    Pursuant to LCR 101(c), attached are true and correct copies of the documents filed in the Pierce County Superior Court File No. 19-2-04342-32.  I am over the age of 18, competent to testify as to the matters stated here, and make this declaration based on my personal knowledge.

3    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this __15th__ day of January, 2020.

JENNIFER D. LOYND, WSBA #33129
Assistant Attorney General
Attorney General's Office
P.O. Box 40126
Olympia, WA  98504-0126
Telephone:  260-586-6300
Email:  Jennifer.Loynd@atg.wa.gov
Attorney for Defendants

DECLARATION OF JENNIFER D.                    2
LOYND REGARDING VERIFICATION
OF STATE COURT DOCUMENTS

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

1  **CERTIFICATE OF SERVICE**

2      I hereby certify that on this _16th_ day of January, 2020, I caused to be

3  electronically filed the foregoing document with the Clerk of the Court using the

4  CM/ECF system which will send notification of such filing to the following:

5

6  Attorneys for Plaintiff:

7  Andrew Mitchell
   Vicki L. Mitchell
8  MITCHELL & MITCHELL PLLC
   1710 North Washington Street, Suite 200 Spokane, WA 99205
9  Phone: 509-315-9890
   Fax: 509-315-9891
10 amitchell@mitchell-lp.com
   vmitchell@mitchell-lp.com
11

12     DATED this _16th_ day of January, 2020.

13                     ROBERT W. FERGUSON
                       Attorney General
14

15

16                     s/Jennifer D. Loynd

17                     JENNIFER D. LOYND, WSBA#33129
                       Assistant Attorney General
18                     Attorney General's Office
                       P.O. Box 40126
19                     Olympia, WA  98504-0126
                       Telephone: 260-586-6300
20                     Email:  Jennifer.Loynd@atg.wa.gov
21                     Attorney for Defendants

22

23

24

25

26

DECLARATION OF JENNIFER D.         3         ATTORNEY GENERAL OF WASHINGTON
LOYND REGARDING VERIFICATION                      Torts Division
OF STATE COURT DOCUMENTS                        7141 Clearwater Drive SW
                                                       PO Box 40126
                                            Olympia, WA  98504-0126
                                              (360) 586-6300

**COPY**
Original Filed

OCT 14 2019

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

1

2

3

4

5

6

7

8          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                    IN AND FOR THE COUNTY OF SPOKANE

9

PERRY FAILING, an individual,

10                                          No. **19204342-32**

          Plaintiff,

11                                          **SUMMONS**

12   v.

13   WASHINGTON STATE LIQUOR AND
     CANNABIS BOARD, and administrative
14   agency of the State of Washington; and
     PATRICK MATTHEWS, individually and as
15   employee and agent of WASHINGTON
     STATE LIQUOR AND CANNABIS
16   BOARD,

17
          Defendants.
18

**TO: PATRICK MATTHEWS:**

19

20        A lawsuit has been started against you in the above captioned Court by the plaintiff
     listed above.   Plaintiff's claim is stated in the written Complaint, a copy of which is served
21   upon you with this Summons.

22        In order to defend against this lawsuit, you must respond to the Complaint by stating
     your defense in writing and serve a copy upon the undersigned attorney for the Plaintiff
23   within 20 days after service of this Summons, excluding date of service, or a Default
24   Judgment may be entered against you without notice.

25        A Default Judgment is one where the Plaintiff is entitled to what it asks for because
     you have not responded. If you serve a Notice of Appearance on the undersigned attorney for
26   the Plaintiff, you are entitled to notice before a Default Judgment may be entered.

27   SUMMONS - 1                                    MITCHELL & MITCHELL PLLC
                                                 1710 NORTH WASHINGTON STREET, SUITE 200
28                                                  SPOKANE, WASHINGTON 99205
                                             PHONE 509.315.9890 / FAX: 509.315.9891



4

1

2        You may demand that the Plaintiff file the lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the undersigned attorney for the Plaintiff.

3    Within 14 days after service of the demand, the Plaintiff must file the lawsuit with the Court, or the service upon you of this Summons and Complaint will be void.

4

5        If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

6

7        This Summons is issued pursuant to Rule 4 of the Civil Rules for the Superior Court for the State of Washington.

8

9        DATED this 14 day of October 2019.

10                               MITCHELL & MITCHELL PLLC

11

12                     By:

13                            Andrew Mitchell, WSBA 30399

Vicki L. Mitchell, WSBA 31259

Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27  SUMMONS - 2

28

MITCHELL & MITCHELL PLLC
1710 NORTH WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE 509.315.9890 / FAX: 509.315.9891

**COPY**
Original Filed

**OCT 14 2019**

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

PERRY FAILING, an individual,                ) No. **19204342-32**
                                             )
    Plaintiff,                           ) **COMPLAINT**
                                             )
v.                                           )
                                             )
WASHINGTON STATE LIQUOR AND                  )
CANNABIS BOARD, and administrative           )
agency of the State of Washington; and       )
PATRICK MATTHEWS, individually and           )
as employee and agent of WASHINGTON          )
STATE LIQUOR AND CANNABIS                    )
BOARD,                                       )
                                             )
    Defendants.                          )
                                             )

COMES NOW, the above-identified plaintiff, Perry Failing, through their undersigned

counsel, and alleges as follows:

**PARTIES:**

1.1    Plaintiff, Perry Failing, is an individual, a citizen of the United States and

resident of the State of Washington, County of Spokane.

COMPLAINT - PAGE 1

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891



6

1      1.2     The Washington State Liquor and Cannabis Board (hereinafter "WSLCB") is

2 an administrative agency of the State of Washington.  Among its powers is the right to sue

3 and be sued.

4      1.3     Patrick Matthews is an employee and agent of the WSLCB, and at all times

5 material to this Complaint and action, acted as an enforcement agent of the WSLCB.

6      1.4     Plaintiff sues all defendants in their individual and official capacities.

7      1.5     This is a civil action seeking damages against the above-listed defendants for

8 committing acts, under color of State law, which deprived plaintiff of his constitutional rights

9 secured under the Constitution and Laws of the United States.  Defendants acted arbitrarily

10 and capriciously in depriving plaintiff of his rights under the Constitution and Laws of the

11 United States.

### JURISDICTION AND VENUE:

2.1     Plaintiff re-alleges paragraphs 1.1 through 1.5, inclusive, as though fully set forth herein.

2.2     This Court has jurisdiction of the above-captioned matter pursuant to the Supremacy Clause of Article VI of the United States Constitution. *See Felder v. Casey*, 487 U.S. 131 (1988).

2.3     Venue is proper in this Court as all acts complained of herein occurred within Spokane County. *See* RCW 4.12.020.

2.4     Plaintiff has complied with the requirements of RCW 4.96.020 and more than 60 days have elapsed.

**COMPLAINT - PAGE 2**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

1

**FACTS:**

2

3.1   Plaintiff re-alleges paragraphs 1.1 through 2.4, inclusive, as though fully set

3

forth herein.

4

3.2   Upon information and belief, on or about August 15, 2017, Patrick Matthews

5

6   began an investigation of plaintiff for allegedly growing marijuana illegally at plaintiff's

7   residence located at 1426 North Bowdish Road in Spokane.

8   3.3   Patrick Matthews' source of information was Amanda Ambrose.   Amanda

9   Emerson Ambrose is the ex-significant other of plaintiff and they share a child arising from

10   the former relationship.

11   3.4.   Patrick Matthews failed to determine if Amanda Emerson Ambrose had motive

12   to implicate plaintiff in an alleged crime.

13

14   3.5   Upon information and belief, Patrick Matthews made contact with a second

15   confidential source, Dayna Emerson.   Dayna Emerson is the parent of Amanda Ambrose.

16   Patrick Matthews failed to determine if Dayna Emerson had motive to implicate plaintiff in an

17   alleged crime.

18   3.6   Patrick Matthews submitted a sworn declaration for a search warrant to the

19   Spokane County Superior Court on February 1, 2018.   Within this sworn declaration, Patrick

20

21   Matthews attests as the evidence in support of probable cause for the search warrant as

22   follows: (a) Receipt of a complaint from a confidential source on August 10, 2017; (b)

23   confirmation the confidential source has been continuously employed for a period of three

24   years and had no significant criminal history; (c) corroboration of information provided by the

25   confidential source concerning a legal and licensed marijuana producer and processor

26

**COMPLAINT - PAGE 3**

27

28

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

business then partially owned by plaintiff; (d) confirmation through the Spokane County Assessor that plaintiff owned the property located at 1426 North Bowdish; (e) comparison of electric billings for the 1426 North Bowdish property; (f) an application to WSLCB for a marijuana business submitted by plaintiff which was associated with the 1426 North Bowdish property and discovery that the application was classified as Group 3 and Group 3 was subsequently dissolved by the WSLCB and all application monies returned; (g) driving by the 1426 North Bowdish location and noticing the blinds were drawn. However, no odor of marijuana was noticed during any of these visits; and (h) driving by the 1426 North Bowdish property on January 29, 2018 and noticing the snow on the garage roof had melted and was not in conformity with the other garages in the neighborhood.

3.7    Patrick Matthews further indicated in his February 1, 2018 sworn declaration that he determined complaints had been made to the Department of Child Services concerning plaintiff exposing his daughter to marijuana. Upon information and belief, these complaints were made by Amanda Ambrose, plaintiff's ex-significant other and Patrick Matthews' confidential source. Patrick Matthews failed to determine if the series of complaints were part and parcel of an on-going family law dispute between plaintiff and Amanda Ambrose.

3.8    Prior to improperly seeking and executing a search warrant, Patrick Matthews failed to determine that plaintiff was a valid medical marijuana recipient and valid medical marijuana provider, pursuant to RCW 69.51A, and had been a valid medical marijuana recipient and medical marijuana provider since 2013.

3.9    Patrick Matthews, with the assistance of Spokane County Sheriffs Deputies, executed the improper search warrant on February 6, 2018 at plaintiff's 1426 North Bowdish

**COMPLAINT - PAGE 4**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

property. Execution of this search warrant caused significant damage to plaintiff's personal and real property.

3.10    Following the execution of the improper search warrant, plaintiff was arrested at 1407 East Sprague road and booked into Spokane County jail.

3.11    Plaintiff's arrest was made public and can be found, among other places, at https://www.kxly.com/news/spokane-valley-pot-bust-1/698328577 and https://www.krem.com/article/news/local/spokane-county/mans-legal-pot-permit-at-risk-after-bust-in-spokane-valley/293-515928732 and https://twitter.com/RyanTVNews/status/961433361968345088.

3.12    Following the improper search and seizure, and the improper arrest following therefrom, plaintiff was required to retain an attorney to defend against the charges alleged by Patrick Matthews and WSLCB.

3.13    Plaintiff's defense attorney brought a motion, within Spokane County Superior Court Cause Number 18-1-00603-2, to suppress the search and seizure and being flawed due to Patrick Matthews' numerous failures.

3.14    Following submission of pleadings and presentation of oral argument by plaintiff's attorney and the Spokane County Deputy Prosecutor, the Court, through the Honorable John Cooney, suppressed the search warrant. The Court issued written findings and conclusion on November 2, 2018.

3.15    Plaintiff endured almost a year of emotional distress and concern over whether his right to freedom would be restricted due to Patrick Matthews' failures and flawed investigation.

**COMPLAINT - PAGE 5**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

3.16    Within the Court's November 2, 2018 ruling, the Court concluded as follows: (a) the information provided to Patrick Matthews from his confidential source failed two prongs of the *Aguilar-Spinelli* test; (b) the investigation conducted by Patrick Matthews did not corroborate the information from the confidential source to cure the deficiency and establish probable cause to support the search warrant; (c) Patrick Matthews confirmed innocuous facts, such as covered windows, abnormally high electrical consumption and failed to compare this consumption with other homes in the neighborhood or with his knowledge of usage by marijuana grows; (d) Patrick Matthews did not see or smell marijuana from plaintiff's 1426 North Bowdish residence; and (e) Patrick Matthews failed to indicate whether or not there was a database of medical marijuana patients authorized to grow marijuana prior to the application of the search warrant.

3.17    Based upon the numerous failures of Patrick Matthews, the Court concluded there was insufficient information to establish probable cause for issuance of the search warrant. All evidence obtained from the illegal search and seizure was suppressed, as well as any information flowing from the fruit of the poisonous tree.

3.18    On November 8, 2018, the Spokane County Deputy Prosecutor filed a motion to dismiss all charges against plaintiff with prejudice.

3.19    Due to plaintiff's unlawful arrest, Amanda Ambrose informed plaintiff, on February 8, 2018, that she had notified Child Protective Services concerning plaintiff's alleged criminal activity.

COMPLAINT - PAGE 6

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

11

3.20    Due to plaintiff's unlawful arrest, Amanda Ambrose, on February 8, 2018, served plaintiff with a restraining order preventing plaintiff from seeing or spending time with his daughter.  The restraining order alleged plaintiff had exposed his daughter to marijuana.

3.21    Due to the restraining order and CPS involvement, plaintiff was forced to obtain a hair follicle test of his minor daughter, at his expense, to prove he had not exposed his daughter to marijuana.  The follicle test conclusively proved plaintiff had not exposed his daughter to marijuana.

3.22    Due to plaintiff's arrest, he was required to obtain attorneys for issues within the criminal justice system, as well as the family law justice system, at great personal expense.

3.23    Plaintiff was required to borrow money to repair the damage caused by the illegal search and seizure of his 1426 North Bowdish property and sell this property to pay for legal expenses.  The property was sold below market value due to the stigma caused by the illegal search and seizure.

3.24    At all times relevant herein, the Fourth Amendment to the United States Constitution was a well-established right and the contours of the Fourth Amendment sufficiently clear that Patrick Matthews knew, or should have known, his actions violated the Fourth Amendment rights of plaintiff.

3.25    At all times relevant herein, the WSLCB directed Patrick Matthews in his actions and omissions which deprived plaintiff of his constitutional rights.

**COMPLAINT - PAGE 7**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

3.26   The WSLCB set in motion a series of acts by its subordinates that it knew, or should have known, would cause its subordinates to deprive plaintiff of his constitutional rights.

3.27   The WSLCB knew, or should have known, that Patrick Matthews was engaging in unconstitutional acts and that such conduct would deprive plaintiff of his constitutional rights and the WSLCB failed to prevent such conduct from occurring.

3.28   The WSLCB has inadequate training, recruiting and supervision of its subordinates and such failures caused plaintiff's constitutional rights to be deprived.

3.29   The WSLCB inadequate recruiting, training and supervision of its subordinates constitutes deliberate indifference to the indiscriminate violation of the constitutional rights of plaintiff.

## IV.   CAUSES OF ACTION:

**COUNT I - VIOLATION OF 42 U.S.C. §1983 (UNLAWFUL SEARCH AND SEIZURE)**

4.1   Plaintiff re-alleges paragraph 1.1 through 3.29, inclusive, as though fully set forth herein.

4.2   Patrick Matthews violated plaintiff's constitutional rights to be free from unlawful search and seizure.

4.3   Patrick Matthews failed to properly establish probable cause for the unlawful search and seizure of plaintiff and his personal property.

4.4   By means of his unlawful search and seizure, Patrick Matthews intentionally, or with deliberate indifference and callous disregard, deprived plaintiff of his right to be free

**COMPLAINT - PAGE 8**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

1   from unreasonable search and seizure in violation of the Fourth Amendment to the United

2   States Constitution.

3       4.5     As a direct and proximate result of Patrick Matthews' acts and omissions, with

4   respect to plaintiff's constitutional rights, plaintiff has been damaged in an amount to be

5   proven at time of trial.

6

7       **COUNT II - SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. §1983:**

8       4.6     The WSLCB is and was aware of Patrick Matthews' unlawful pattern and

9   practice in obtaining search warrants.  The WSLCB awareness of such patterns and practice

10  and failure to take sufficient steps to alter the pattern and practices of Patrick Matthews,

11  constitutes an adoption and endorsement of such patterns and practices.

12

13      4.7     At all times relevant herein, the WSLCB directed Patrick Matthews in his

14  actions and omissions which deprived plaintiff of his constitutional rights.

15      4.8     The WSLCB set in motion a series of acts by its subordinates that it knew, or

16  should have known, would cause its subordinates to deprive plaintiff of his constitutional

17  rights.

18      4.9     The WSLCB knew, or should have known, that Patrick Matthews was

19  engaging in unconstitutional acts and that such conduct would deprive plaintiff of his

20

21  constitutional rights and the WSLCB failed to prevent such conduct from occurring.

22      4.10    As a direct and proximate result of the WSLCB's failure to properly recruit,

23  train and supervise Patrick Matthews, plaintiff has been damaged in an amount to be proven

24  at time of trial.

25

26

27  COMPLAINT - PAGE 9

28

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

14

**COUNT III -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

4.11    Defendants' disregard for plaintiff's constitutional rights was reckless and intentional.

4.12    Defendants' conduct in violating plaintiff's constitutional rights was extreme and outrageous.

4.13    Defendants' extreme and outrageous conduct caused plaintiff to suffer severe emotional distress in the form of mental anguish, indignation, wounded pride, shame, community embarrassment, despair and isolation, loss of usual activities, loss of reputation and loss of career advancement.

4.14    As a direct and proximate result of defendants' actions and omissions, plaintiff has been damaged in an amount to be proven at time of trial.

**COUNT IV – INVASION OF RIGHT TO PRIVACY:**

4.15    Plaintiff has a protected right to private affairs pursuant to Washington State Constitution Article I, §7.

4.16    Defendants' actions and omissions violated plaintiff's right to privacy without lawful justification.

4.17    As a direct and proximate result of defendants' violation of plaintiff's right to privacy, plaintiff has been damaged in an amount to be proven at time of trial.

//

//

//

**COMPLAINT - PAGE 10**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

**COUNT V – UNLAWFUL IMPRISONMENT:**

4.18    Defendants' acts of arresting plaintiff based upon a flawed and defective search warrant, without probable cause and without exigent or emergent circumstances, unlawfully restrained plaintiff's physical liberty.

4.19    As a direct and proximate result of defendants' unlawful acts, plaintiff has been damaged in an amount to be proven at time of trial.

**REQUEST FOR RELIEF:**

WHEREFORE, having set forth his Complaint against defendants, plaintiff requests the following relief:

A.    Entry of judgment against defendants on all counts set forth above;

B.    For compensatory damages;

C.    For punitive or exemplary damages;

D.    For an award of costs and fees pursuant to 42 U.S.C. §1988;

E.    For pre-judgment interest and post-judgment interest at the maximum rate permitted by Law; and

F.    For such other relief as the Court deems equitable and just.

DATED this 14th day of October 2019.

MITCHELL & MITCHELL PLLC

By: _____
     Andrew Mitchell, WSBA 30399
     Vicki L. Mitchell, WSBA 31259
     Attorneys for Plaintiff

**COMPLAINT - PAGE 11**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

COPY
Original Filed

OCT 14 2019

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

| (Copy Receipt) | Clerk's Date Stamp |
|---|---|
|  **SUPERIOR COURT OF WASHINGTON**<br>**COUNTY OF SPOKANE** | **JUDGE TONY HAZEL 96** |
| FAILING, PERRY | **CASE NO. 19-2-04342-32** |
| Plaintiff(s)/Petitioner(s),<br>vs. | **CASE ASSIGNMENT NOTICE AND ORDER (NTAS)** |
| WASHINGTON STATE LIQUOR & CANNABIS BOARD | **CASE STATUS CONFERENCE DATE: JANUARY 17, 2020 AT 8:30 AM** |
| Defendant(s)/Respondent(s). | |

## ORDER

YOU ARE HEREBY NOTIFIED that this case is preassigned for all further proceedings to the judge noted above.  **You are required to attend a Case Status Conference before your assigned judge on the date also noted above.   The Joint Case Status Report must be completed and brought to the Status Conference.  A Case Schedule Order, with the trial date, will be issued at the Status Conference.**

Under the individual calendar system, the court will operate on a four-day trial week.  Trials will commence on Monday, Tuesday, Wednesday or Thursday.  Motion Calendars are held on Friday.  All motions, other than ex parte motions, must be scheduled with the assigned judge.  Counsel must contact the assigned court to schedule motions and working copies of all motion pleadings must be provided to the assigned court at the time of filing with the Clerk of Court.  Pursuant to LCR 40 (b) (10), motions must be confirmed no later than 12:00 noon two days before the hearing by notifying the judicial assistant for the assigned judge.

Please contact the assigned court to schedule matters regarding this case.  You may contact the assigned court by phone, court department e-mail or through the Spokane County Superior Court web page at **http://www.spokanecounty.org/1140/Superior-Court**

**DATED: 10/14/2019**

HAROLD D. CLARKE
PRESIDING JUDGE

NOTICE:  The plaintiff shall serve a copy of the Case Assignment Notice on the defendant(s).

CASE ASSIGNMENT NOTICE     LAR 0.4.1(b)     (4/2001)   CASGN                                    Page 1 of 1

1
2
3
4
5
6
7
8

**STATE OF WASHINGTON**
**SPOKANE COUNTY SUPERIOR COURT**

9

PERRY FAILING, an individual,

NO. 19-2-04342-32

10

Plaintiff,

NOTICE OF APPEARANCE

11

**(Clerk's Action Requested)**

12

v.

13

WASHINGTON STATE LIQUOR
AND CANNABIS BOARD, and
administrative agency of the State of
Washington; and PATRICK
MATTHEWS, individually and as
employee and agent of WASHINGTON
STATE LIQUOR AND CANNABIS
BOARD,

14
15
16
17

Defendant.

18

TO:          MATTHEW FAILING, Plaintiff;

19

AND TO:    VICKI MITCHELL, Plaintiff's Attorney

20

AND TO:    CLERK OF THE COURT

21

YOU AND EACH OF YOU will please take notice that Defendants Washington State

22

Liquor and Cannabis Board and Patrick Matthews, by and through their attorneys, Robert W.

23

Ferguson, Attorney General, and Jennifer D. Loynd Assistant Attorney General, without waiving

24

objections as to improper service, jurisdiction or venue, hereby enter their appearance in the above-

25
26

NOTICE OF APPEARANCE                    1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1 entitled action and request that notice of any and all further proceedings in said action be served

2 upon the undersigned attorney at the address stated below.

3     **TRANSMISSION BY FAX OR BY ELECTRONIC MAIL DOES NOT**

4 **CONSTITUTE SERVICE, UNLESS AGREED IN WRITING OR UNLESS OTHERWISE**

5 **REQUIRED BY COURT RULE.**

6     DATED this _____ day of October, 2019.

7             ROBERT W. FERGUSON
            Attorney General

8

9

10             JENNIFER D. LOYND, WSBA No. 33129
            OID # 91023

11             Assistant Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE         2         ATTORNEY GENERAL OF WASHINGTON
                                      Torts Division
                             7141 Cleanwater Drive SW
                                 PO Box 40126
                            Olympia, WA 98504-0126
                              (360) 586-6300

1

**Declaration Regarding Service**

2

3
    I declare that I initiated service of a copy of this document on all parties or their counsel

4
of record on the date below as follows:

5

| Party | Method of Service |
|---|---|
| Andrew Mitchell<br>Vicki L. Mitchell<br>MITCHELL & MITCHELL PLLC<br>1710 North Washington Street, Suite 200<br>Spokane, Washington 99205<br>Phone: 509-315-9890<br>Fax: 509-315-9891<br>amitchell@mitchell-lp.com | ☒ US Mail Postage Prepaid<br>☐ Certified Mail Postage Prepaid<br>☐ ABC/Legal Messenger<br>☐ UPS Next Day Air or FedEx<br>☐ By Fax at fax. no.:<br>☐ Electronic Mail<br>☐ Hand delivered at _____ A.M/P.M. |

6

7

8

9

10
    I declare under penalty of perjury under the laws of the state of Washington that the

11
foregoing is true and correct.

12
    DATED this _31st_ day of _October_, 2019.

13

14

15
_Laurel DeForest_

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE      3

RECEIVED

2019 NOV 13 PM 2:02

ATTORNEY GENERAL'S OFFICE
TORTS DIVISION - OLYMPIA

COPY
Original Filed

NOV 04 2019

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

PERRY FAILING, an individual,                )   No. 19-2-04342-32
                                             )
          Plaintiff,                         )   **NOTICE OF UNAVAILABILITY**
                                             )
v.                                           )
                                             )
WASHINGTON STATE LIQUOR AND                  )
CANNABIS BOARD, and administrative           )
agency of the State of Washington; and       )
PATRICK MATTHEWS, individually and           )
as employee and agent of WASHINGTON          )
STATE LIQUOR AND CANNABIS                    )
BOARD,                                       )
                                             )
          Defendants.                        )

TO:    **DEFENDANTS, and**

TO:    **ROBERT W. FERGUSON and JENNIFER D. LOYND, your attorneys:**

       PLEASE TAKE NOTICE that the following attorneys will be unavailable during the

following dates:

       ANDREW J. MITCHELL, will be unavailable **November 8, 2019 through
November 25, 2019;**

NOTICE OF UNAVAILABILITY - PAGE 1

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891



VICKI L. MITCHELL will be unavailable **November 8, 2019 through November 25, 2019.**

Attorneys Andrew J. Mitchell and Vicki L. Mitchell will not be available during that period of time for purposes of responding to and/or attending court proceedings or depositions and respectfully requests no matters be scheduled, or correspondence issued of which would require his direct attention or response during the time period mentioned above.

DATED this _4th_ day of November 2019.

MITCHELL & MITCHELL PLLC

By:_____
    Andrew Mitchell, WSBA 30399
    Vicki L. Mitchell, WSBA 31259
    Attorneys for Plaintiff

**NOTICE OF UNAVAILABILITY - PAGE 2**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _4th_ day of November 2019, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Robert W. Ferguson
Jennifer D. Loynd
Attorney General of Washington
PO Box 40126
Olympia, WA 98504

_X_ U.S. MAIL
___ HAND DELIVERED
___ OVERNIGHT MAIL
___ FACSIMILE
___ EMAIL


_Darla Arnold_
Darla Arnold

**NOTICE OF UNAVAILABILITY - PAGE 3**

MITCHELL & MITCHELL PLLC
1710 N. WASHINGTON STREET, SUITE 200
SPOKANE, WASHINGTON 99205
PHONE (509) 315-9890 / FAX (509) 315-9891

23

1
2
3
4
5
6
7
8

**STATE OF WASHINGTON**
**SPOKANE COUNTY SUPERIOR COURT**

9 | PERRY FAILING, an individual,

NO. 19-2-04342-32

10 | Plaintiff,

DEFENDANTS WASHINGTON
STATE LIQUOR AND CANNABIS
11 | v.
BOARD AND PATRICK
MATTHEWS' ANSWER AND
12 | WASHINGTON STATE LIQUOR AND
AFFIRMATIVE DEFENSES TO
CANNABIS BOARD, and administrative
PLAINTIFF'S COMPLAINT
13 | agency of the State of Washington; and
PATRICK MATTHEWS, individually
14 | and as employee and agent of
WASHINGTON STATE LIQUOR AND
15 | CANNABIS BOARD,

16 | Defendants.

17
18
19
20
21
22
23
24
25
26

        Defendants WASHINGTON STATE LIQUOR AND CANNABIS BOARD (WSLCB)

and PATRICK MATTHEWS (Officer Matthews) (collectively "Defendants"), by and through their

undersigned counsel, and in answer to Plaintiff's Complaint, admit, deny, and allege as follows:

                                **PARTIES:**

        1.1     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 1.1 and, therefore, deny the same.

        1.2     In answer to Paragraph 1.2, Defendants admit the same.

        1.3     In answer to Paragraph 1.3, Defendants admit the same.

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1.4     In answer to Paragraph 1.4, Defendants admit the same.

1.5     In answer to Paragraph 1.5, Defendants deny the same.

### JURISDICTION AND VENUE:

2.1     In answer to Paragraph 2.1, Defendants re-assert their answers to Paragraphs 1.1 through 1.5.

2.2     Paragraph 2.2 alleges a legal conclusion, to which no answer is required and none is given. To the extent an answer to the allegation contained in Paragraph 2.22 is required, Defendants deny the same.

2.3     In answer to Paragraph 2.3, Defendants admit only that the acts giving rise to Plaintiff's complaints occurred within Spokane County.

2.4     In answer to Paragraph 2.4, Defendants deny the same.

### FACTS:

3.1     In answer to Paragraph 3.1, Defendants re-assert their answers to Paragraphs 1.1 through 2.4.

3.2     In answer to Paragraph 2.4, Defendants admit the same.

3.3     In answer to Paragraph 3.3, Defendants admit only that one complaint WSLCB received concerning marijuana being illegally grown at the residence located at 1426 North Bowdish Road in Spokane (Bowdish Road Residence) was made by Amanda Ambrose and that Ms. Ambrose advised Officer Matthews that she had had a prior relationship with Plaintiff and they had a child together.

3.4     In answer to Paragraph 3.4, Defendants deny the same.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

3.5     In answer to Paragraph 3.5, Defendants admit only that Officer Matthews had conversations with Dayna Emerson. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Dayna Emerson is Amanda Ambrose's parent. Defendants deny the remainder of the allegations contained in Paragraph 3.5.

3.6     In answer to Paragraph 3.6, Defendants admit only that Officer Matthews submitted a sworn declaration for a search warrant to the Spokane County Superior Court on February 1, 2018, and the declaration included, but was not limited to, the information identified in Paragraph 3.6.

3.7     In answer to Paragraph 3.7, Defendants admit only that Officer Matthews' February 1, 2018, sworn declaration included, but was not limited to, information that numerous complaints had been forwarded to various agencies including the Dept. of Child Services that Plaintiff was growing marijuana at the Bowdish Road Residence and exposing his 2-year-old daughter to marijuana and that Ms. Ambrose was one of the individuals who submitted complaints concerning Plaintiff's marijuana-related activities at the Bowdish Road Residence. Defendants deny the remaining allegations contained in Paragraph 3.7.

3.8     In answer to Paragraph 3.8, Defendants deny the same.

3.9     In answer to Paragraph 3.9, Defendants deny the same.

3.10    In answer to Paragraph 3.10, Defendants deny the same.

3.11    In answer to the Paragraph 3.11, Defendants admit only that news reporters, including the three identified in Paragraph 3.11, reported information about Plaintiff's arrest.

3.12    In answer to Paragraph 3.12, Defendants deny the same.

3.13    In answer to Paragraph 3.13, Defendants admit the same.

3.14    In answer to Paragraph 3.14, Defendants admit the same.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

3

26

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

3.15    In answer to Paragraph 3.15, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.15 and, therefore, deny the same.

3.16    In answer to Paragraph 3.16, Defendants admit only that the Findings of Facts and Conclusions of Law signed by Judge Cooney on November 2, 2018, contained the conclusions of law identified in Paragraph 3.16.

3.17    In answer to Paragraph 3.17, Defendants admit only that the Findings of Facts and Conclusions of Law signed by Judge Cooney on November 2, 2018, included conclusions that the search warrant executed at the Bowdish Road Residence was insufficient to establish probable cause that criminal activity was occurring at the location, all evidence obtained from the unlawful search must be suppressed including all physical evidence obtained during the search as well as any statements that were derived as a fruit of the poisonous tree.

3.18    In answer to Paragraph 3.18, Defendants admit the same.

3.19    In answer to Paragraph 3.19, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.19 and, therefore, deny the same.

3.20    In answer to Paragraph 3.20, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.20 and, therefore, deny the same.

3.21    In answer to Paragraph 3.21, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.21 and, therefore, deny the same.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

4

27

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

3.22     In answer to Paragraph 3.22, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.22 and, therefore, deny the same.

3.23     In answer to Paragraph 3.23, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.23 and, therefore, deny the same.

3.24     In answer to Paragraph 3.24, Defendants deny the same.

3.25     In answer to Paragraph 3.25, Defendants admit only that Officer Matthews is employed by WSLCB and any acts and/or omissions by Officer Matthews were performed within the course and scope of his employment. As to the remaining allegations contained in Paragraph 3.25, Defendants deny the same.

3.26     In answer to Paragraph 3.26, Defendants deny the same.

3.27     In answer to Paragraph 3.27, Defendants deny the same.

3.28     In answer to Paragraph 3.28, Defendants deny the same.

3.29     In answer to Paragraph 3.29, Defendants deny the same.

**CAUSES OF ACTION:**

**COUNT I – VIOLATION OF 42 U.S.C. § 1983 (UNLAWFUL SEARCH AND SEIZURE)**

4.1     In answer to Paragraph 4.1, Defendants re-assert their answers to Paragraphs 1.1 through 3.29.

4.2     In answer to Paragraph 4.2, Defendants deny the same.

4.3     In answer to Paragraph 4.3, Defendants deny the same.

4.4     In answer to Paragraph 4.4, Defendants deny the same.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

5

28

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

4.5     In answer to Paragraph 4.5, Defendants deny the same.

**COUNT II – SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983**

4.6     In answer to Paragraph 4.6, Defendants deny the same.

4.7     In answer to Paragraph 4.7, Defendants admit only that Officer Matthews is employed by WSLCB and any acts and/or omissions by Officer Matthews were performed within the course and scope of his employment. As to the remaining allegations contained in Paragraph 4.7, Defendants deny the same.

4.8     In answer to Paragraph 4.8, Defendants deny the same.

4.9     In answer to Paragraph 4.9, Defendants deny the same.

4.10    In answer to Paragraph 4.10, Defendants deny the same.

**COUNT III – INTENTIONAL INFLICTION OF EMOTION DISTRESS**

4.11    In answer to Paragraph 4.11, Defendants deny the same.

4.12    In answer to Paragraph 4.12, Defendants deny the same.

4.13    In answer to Paragraph 4.13, Defendants deny the same.

4.14    In answer to Paragraph 4.14, Defendants deny the same.

**COUNT IV – INVASION OF RIGHT TO PRIVACY**

4.15    Paragraph 4.15 alleges legal conclusions, to which no answers are required and none are given. To the extent answers to the allegations contained in Paragraph 4.15 are required, Defendants deny the same.

4.16    In answer to Paragraph 4.16, Defendants deny the same.

4.17    In answer to Paragraph 4.17, Defendants deny the same.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

29

## COUNT V – UNLAWFUL IMPRISONMENT

4.18    In answer to Paragraph 4.18, Defendants deny the same.

4.19    In answer to Paragraph 4.19, Defendants deny the same.

## EXPRESS DENIAL

Defendants deny each and every allegation in Plaintiff's Complaint that is not expressly admitted.

## REQUEST FOR RELIEF

Defendants deny Plaintiff is entitled to the relief requested or to any relief whatsoever from Defendants.  To the extent any allegations set forth in Plaintiff's Request for Relief may be deemed to constitute averments of material fact, they are denied.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defense, Defendants allege as follows:

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff Perry Failing failed to file a Tort Claim identifying any alleged injuries or damages he sustained under theories of intentional infliction of emotional distress, invasion of right to privacy, and/or unlawful imprisonment prior to initiating his lawsuit as required by RCW 4.92.100.

3.    Plaintiff Perry Failing has failed to perfect service on WSLCB as required by RCW 4.16.170.

4.    As a marijuana producer and processor licensed by WSLCB pursuant to the laws of the State of Washington and regulations promulgated by WSLCB, Plaintiff had no cognizable interest under federal law, including the U.S. Constitution and the Fourth Amendment,

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

7

30

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   concerning possession of marijuana plants or related materials, no cognizable claim arising from

2   Defendants' removal of contraband product or related materials from the residence owned by

3   Plaintiff, and has incurred no related damages.

4
        5.      As a marijuana producer and processor licensed by WSLCB pursuant to the laws

5   of the State of Washington and regulations promulgated by WSLCB, Plaintiff has no cognizable

6
    claim under the Washington State Constitution arising from Defendants' removal of contraband

7
    product and related materials from the residence owned by Plaintiff and has incurred no related

8
    damages.

9
        6.      The State of Washington, its agencies, and agents are not subject to civil suit for

10
    damages under the 11th Amendment of the Constitution of the United States.

11

12
        7.      Plaintiff's claims against Officer Matthews are barred under qualified immunity.

13
        8.      At all times, Defendants acted in good faith in the performance of their duties and

14
    are therefore immune from suit for the matters alleged in Plaintiff's Complaint.

15

16
        9.      All actions of Defendants alleged as violations of Washington State statutes

17
    and/or common law manifest reasonable exercise of judgment and discretion by authorized

18
    public officials made in the exercise of governmental authority entrusted to them by State law

19
    and regulations promulgated by WSLCB and are neither tortious nor actionable.

20

21
        10.     Discovery may show that Plaintiff's alleged damages were proximately caused

22
    or contributed to by actions of nonparties to this action.

23
        11.     Discovery may show that Plaintiff's alleged damages were caused or contributed

24
    to by Plaintiff's own actions, both intentional and negligent.

25
        12.     Discovery may show that that Plaintiff failed to mitigate alleged damages.

26

DEFENDANTS' ANSWER AND AFFIRMATIVE          8          ATTORNEY GENERAL OF WASHINGTON
DEFENSES TO PLAINTIFF'S COMPLAINT                                      Torts Division
                                                                7141 Cleanwater Drive SW
                                    31                               PO Box 40126
                                                                Olympia, WA 98504-0126
                                                                   (360) 586-6300

1    13.    Discovery may show that Plaintiff's alleged damages arise out conditions of which

2    Plaintiff had knowledge and to which Plaintiff voluntarily subjected himself.

3    14.    Plaintiff's alleged property damages are limited by Chapter 69.50 RCW.

4    15.    Defendants may be entitled to an offset from awards to Plaintiff and/or recovery

5    of monies paid to Plaintiff.

6

7    **RESERVATIONS**

8    Defendants reserve the right to amend their Answer to allege additional counterclaims,

9    third-party claims and/or affirmative defenses that may become known during the course of

10   discovery, and to make amendments either before or during trial, including asserting other

11   defense theories or conforming the pleadings to proof offered at the time of trial.

12

13   **DEFENDANTS' REQUEST FOR RELIEF**

14   Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff

15   take nothing by its Complaint and that Defendants be allowed their costs and reasonable

16   attorneys' fees.

17   DATED this 13th day of November, 2019.

18

19   ROBERT W. FERGUSON
     Attorney General

20

21   JENNIFER LOYND, WSBA No. 33129
     Assistant Attorney General
22   Washington State Attorney General's Office
     P.O. Box 40126
23   Olympia, WA 98504-0126
     Telephone: (360) 586-6300
24   E-mail: Jennifer.Loynd@atg.wa.gov
     Attorneys for Defendants
25

26

DEFENDANTS' ANSWER AND AFFIRMATIVE          9          ATTORNEY GENERAL OF WASHINGTON
DEFENSES TO PLAINTIFF'S COMPLAINT                                    Torts Division
                                                              7141 Cleanwater Drive SW
                                                                   PO Box 40126
Olympia, WA 98504-0126
                                                                  (360) 586-6300

**Declaration Regarding Service**

I declare that I initiated service of a copy of this document on all parties or their counsel of record on the date below as follows:

| Party | Method of Service |
|---|---|
| Andrew Mitchell<br>Vicki L. Mitchell<br>MITCHELL & MITCHELL PLLC<br>1710 North Washington Street, Suite 200<br>Spokane, Washington 99205<br>Phone: 509-315-9890<br>Fax: 509-315-9891<br>amitchell@mitchell-lp.com<br>vmitchell@mitchell-lp.com | ☒ US Mail Postage Prepaid<br>☐ Certified Mail Postage Prepaid<br>☐ ABC/Legal Messenger<br>☐ UPS Next Day Air or FedEx<br>☐ By Fax at fax. no.:<br>☒ Electronic Mail<br>☐ Hand delivered at _____ A.M/P.M. |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this _14th_ day of _November_ 2019.

_Laurel De Forest_

Laurel DeForest, Legal Assistant

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300