# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PERRY FAILING,<br><br>        Plaintiff,<br><br>v.<br><br>WASHINGTON STATE LIQUOR AND CANNABIS BOARD, an administrative agency of the State of Washington, and PATRICK MATTHEWS, individually and as employee and agent of Washington State Liquor and Cannabis Board,<br><br>        Defendants. | NO. 2:20-CV-0026-TOR<br><br>ORDER DENYING MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 6). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 6) is DENIED.

ORDER DENYING MOTION TO REMAND ~ 1

## BACKGROUND

This case arises out of an investigation conducted by Defendants concerning an alleged illegal marijuana grow operation at Plaintiff's residence. On October 14, 2019, Plaintiff filed a Complaint in Spokane County Superior Court, asserting claims under both federal and state law. ECF No. 3 at 6-16. On October 18, 2019, a legal assistant to Plaintiff's counsel emailed the Washington Department of Enterprise Services ("DES"), stating "We have a Summons and Complaint for service on DES. I am looking for instructions as to how to complete this service." ECF No. 6-4 at 3. On October 21, 2019, a DES employee responded, saying that a "Risk Manager for the agency[] suggested you mail it to him." *Id.* DES is not a party to this suit. On October 21, 2019, Plaintiff personally served Defendant Patrick Matthews. ECF No. 6-3.

On October 24, 2019, DES received correspondence from Plaintiff's counsel's office, stating "I am forwarding this information to you to effect service upon the Department of Enterprise Services." ECF No. 8 at 2, ¶ 5; ECF No. 8-1. The correspondence contained a copy of the Complaint, a Case Assignment Sheet, and a Summons addressed to Defendant Washington State Liquor and Cannabis Board ("WSLCB"). ECF No. 8 at 2, ¶ 5. On October 25, 2019, DES forwarded this correspondence to a paralegal in the Attorney General's Office. *Id.*

On November 13, 2019, Defendants filed an Answer in state court. ECF No. 3 at 24-32. On January 16, 2020, Defendants removed the case to federal court. ECF No. 2. On January 29, 2020, Plaintiff filed a "Response in Opposition to Removal," which this Court construes as a Motion to Remand. ECF No. 6.

**DISCUSSION**

Plaintiff moves to remand this case to state court on the grounds that Defendants' removal was untimely.[1] Specifically, Plaintiff argues the Notice of Removal was filed more than 30 days after Defendant WSLCB received a copy of the Complaint. ECF No. 6. The federal removal statute requires that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1). Plaintiff argues that the plain language of the

---

[1] Plaintiff also challenges the assertion of federal diversity jurisdiction in Defendants' Notice of Removal. ECF No. 6 at 3; *see* ECF No. 2 at 3, ¶ 6. Defendants concede that the citation to the diversity statute was in error and note that the correct citation was to the federal question statute which was also included in the Notice of Removal. ECF No. 7 at 9-10. In turn, Plaintiff concedes that his Section 1983 claims properly support federal question jurisdiction. ECF No. 9 at 3.

ORDER DENYING MOTION TO REMAND ~ 3

statute means WSLCB's 30-day removal window began to run no later than November 4, 2019, when counsel for Defendants entered an appearance in the case, so the January 16, 2020 removal was untimely. ECF No. 6 at 4

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The removal statute has historically been strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[H]owever, more recent cases have softened the strictness" of this principle. *Myer v. Nitetrain Coach Co., Inc.*, 459 F. Supp. 2d 1074, 1076 (W.D. Wash. 2006) (citing *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999)). Indeed, the Supreme Court has interpreted the removal statute to mean "that a named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but *not by mere receipt of the complaint* unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347-48 (emphasis added).[2] Service is

---

[2] Plaintiff's reliance on *Delgado v. Shell Oil, Inc.*, 231 F.3d 165, 177 (5th Cir. 2000) is misplaced in addition to not being binding on this Court. ECF No. 9 at 5-6. Plaintiff's block quote from *Delgado* omits the footnote which explains that *Delgado* addresses whether service is a prerequisite to the ability to remove a case,

ORDER DENYING MOTION TO REMAND ~ 4

required to start the 30-day removal window because "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347.

WSLCB contends its 30-day removal window has not yet run because it has not been properly served. ECF No. 7 at 6-9. Washington law requires that actions against the State of Washington be served "upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW § 4.92.020. Plaintiff argues that service was accomplished when DES forwarded the Complaint and Summons from Plaintiff's counsel to the paralegal in the Attorney General's Office, thereby "leaving the summons and complaint" in compliance with the statute. ECF No. 9 at 4, n.3. However, "[w]hen the legislature has acted reasonably in naming one person or officer to have the responsibility for receiving service of process, service upon anyone else is insufficient." *Landreville v. Shoreline Cmty. Coll. Dist. No. 7*, 766 P.2d 1107, 1108 (Wash. Ct. App. 1988)); *see also Meadowdale Neighborhood Comm. v. City of Edmonds*, 616 P.2d 1257, 1260 (Wash. Ct. App. 1980) ("When a statute designates a particular person or officer upon whom service of process is to

---

while *Murphy Bros.* addresses whether service is a prerequisite to start the running of the 30-day removal clock. *Delgado*, 231 F.3d at 177, n.23.

be made …, no other person or officer may be substituted."). "Actual notice to the State, standing alone, is not sufficient" to acquire jurisdiction over the State without proper service. *Landreville*, 766 P.2d at 1108 (finding that leaving the summons and complaint with an administrative assistant in the Attorney General's Office was insufficient under RCW § 4.92.020).

Here, state law is clear that service on WSLCB must be accomplished upon the Attorney General or by leaving the summons and complaint in the Attorney General's Office with an Assistant Attorney General. RCW § 4.92.020. Plaintiff has done neither. Instead, while this matter was pending in state court, Plaintiff mailed[3] a copy of the summons and complaint to DES, which forwarded the documents by email to a paralegal in the Attorney General's Office. Even if this Court were to accept Plaintiff's unsupported position that DES could effectuate service on Plaintiff's behalf, receipt by the paralegal is still insufficient under the statute. *Landreville*, 766 P.2d at 1108. Additionally, the fact that WSLCB has had

---

[3] The Court notes that Washington law only authorizes service by mail "by court order on a case-by-case basis." *In re Marriage of Maiers*, 163 Wash. App. 1015, at *3 (Aug. 23, 2011) (unpublished); *see also* 14 Wash. Prac., Civil Procedure § 8:30 (3d ed.). There is no evidence that Plaintiff received such leave in this case.

actual notice of this case is immaterial to the question of proper service. *Id.* Because Plaintiff failed to comply with the statutory service requirements in this case, WSLCB has not been properly served. Therefore, WSLCB's 30-day window of removal has not begun to run under the federal statute. *Murphy Bros.*, 526 U.S. at 347-48. Defendants' Notice of Removal was not untimely, and Plaintiff is not entitled to remand on this ground.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No. 6) is DENIED.

2. The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** March 11, 2020.



THOMAS O. RICE
Chief United States District Judge